IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COLORADO CASUALTY INS. CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.  2:05cv178-CSC |
| ) | (WO) |
| THE KIRBY COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Now pending before the court is the plaintiff's motion to dismiss pursuant to FED. R. CIV. P. 41(a)(2).[1] *See* Doc. # 66. "A voluntary dismissal without prejudice is not a matter of right." *Fisher v. Puerto Rico Marine Management, Inc*. 940 F.2d 1502, 1502 (11th Cir.1991). The plaintiff seeks the voluntary dismissal without prejudice because

> [t]he 11th Circuit's opinion in the companion case . . . renders Colorado Casualty's Third Amended Complaint in the present case moot as there is no longer any grounds for National Union to seek indemnification or attorney fees from Colorado Casualty for any reason arising from any alleged acts of Bill Cavins or Progressive."

Doc. # 66 at 3.

National Union opposes the motion to dismiss because it contends "it is entitled to collect on its judgment against Progressive Systems and Virginia Cavins." (Res. to Mot. for Order Dismissing Case under Rule 41, doc. # 70, at 2-3).

Because this case is tied inextricably with *Nat'l Union Fire Ins. Co. v. Cavins*, No.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

2:03cv878-CSC (M.D. Ala. March 9, 2006), a brief procedural narrative is in order. Colorado Casualty filed this declaratory judgment action on February 24, 2005, seeking declarations that "National Union is not entitled to reimbursement of its defense costs against Colorado Casualty." (Third Amended Compl. at ¶ 20, p. 9). In the alternative, should the court determine that Colorado Casualty owes National Union indemnity under the policies, "Colorado Casualty seeks a determination that the coverage available to Kirby/National Union is limited to the remaining policy limits available under Policy Number CPP 661544-01. . . . [I]f this Court were to determine that this case involves more than "one occurrence," Colorado [C]asualty seeks a determination limiting the coverage available to Kirby/National Union to the remaining limits available under Policies CCP661544-01 and CPP 661544-02."[2] (*Id.* at ¶ 21-22, pp 9-10).

After an amended complaint was filed on March 30, 2005, National Union and the Kirby Company filed an answer on April 7, 2005.[3] Cross motions for summary judgment were filed on October 27, 2006. *See* Docs. # 48 & 49.

As a result of the court's ruling in *Nat'l Union Fire Ins. Co. v. Cavins*, No. 2:03cv878-CSC (M.D. Ala. March 9, 2006), National Union was awarded indemnification in the amount of $748,462.75 in attorney fees incurred as defense costs pursuant to the indemnity agreement between the Cavins, Progressive and the Kirby Company. *Id*. at docs. 70 & 71.

---

[2] Colorado Casualty asserts that only $13,000 is remains available under policy CPP 661544-01 while $315,300.00 remains available under policy CPP 661544-02.

[3] Although named as a defendant, Progressive was never served and thus, is not a party in this case. Virginia Cavins was not named as a defendant in this action.

Cavins appealed that award to the Eleventh Circuit Court of Appeals.  On appeal, the Court reversed the judgment as to Bill Cavins as he was the only defendant to perfect an appeal. *See Nat'l Union Fire Ins. Co. v. Cavins*, No. 16-13361 slip op. at 1 (11th Cir. Mar. 19, 2007). The court specifically concluded that because neither Virginia Cavins nor Progressive were named in the notice of appeal, they were not proper parties to the appeal.  *Id*. at 2-3.

Upon receipt of the mandate, this court set a status and scheduling conference for June 26, 2007.  On June 25, 2007, Colorado Casualty filed the pending motion to dismiss.  *See* Doc. # 66).  According to Colorado Casualty, the Eleventh Circuit's decision renders this case moot "as there are no longer any grounds for National Union to seek indemnification or attorney fees from Colorado Casualty for any reason arising from any alleged acts of Bill Cavins or Progresive."  (Mot. to Dismiss at 3).

The court retains broad discretion when considering a motion to dismiss pursuant to FED. R. CIV. P. 41(a)(2).  *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).  "A district court considering a motion for a dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir. 1986). "The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' " *Id.* (quoting *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir. 1961).

While this matter is clearly moot as it relates to Cavins, Colorado Casualty is simply wrong that the Eleventh Circuit's decision also moots this case with respect to Progressive.

3

The appellate court reversed only the judgment against Bill Cavins. The judgment against Progressive and Virginia Cavins remain valid and in full force. In this action, Colorado Casualty seeks to have this court enter a judgment declaring "that no coverage shall be afforded to the Defendants under the policies of insurance issued by Colorado Casualty." (Compl. at 7). In the alternative, Colorado Casualty seeks to limit coverage to the amounts of coverage remaining under policies CPP 661544-01 and CPP 661544-02. The insurance policies afford coverage to Progressive. Clearly, Progressive's rights to seek coverage under the policies is not adversely impacted by the Eleventh Circuit's decision. Consequently, Colorado Casualty's assertion that this case is now moot is factually incorrect. To grant the motion to dismiss at this late date on the basis alleged by Colorado Casualty would place Colorado Casualty's interests above National Union's which this court declines to do on the motion before it.

Furthermore, this case has been pending since February 24, 2005. Pending motions for summary judgment have been under submission since November 14, 2006. The defendants have expended a tremendous amount of time and effort. Litigation between the parties has been ongoing since August 25, 2003. This is the second case in this court in which National Union and Kirby have sought to obtain the benefit of the indemnification agreement between them and Progressive. The court recognizes that under Eleventh Circuit precedent, "delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending." *Pontenberg*, 252 F.3d at 1259. However, National Union is not seeking a dismissal with prejudice; rather

4

National Union urges the court to deny the motion and allow this matter to proceed to its conclusion. The court concludes, that at this juncture, it is in the best interests of the defendants and judicial economy to deny the plaintiff's motion to dismiss.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the plaintiff's motion to dismiss (doc. # 66) be and is hereby DENIED.

Done this 14th day of January, 2008.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE