IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COLORADO CASUALTY INS. CO., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv178-CSC |
| | ) | (WO) |
| THE KIRBY COMPANY, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**O R D E R**

Now pending before the court is the plaintiff's January 24, 2008, motion to vacate or certify the court's January 14, 2008 order on cross-motions for summary judgment to allow interlocutory appeal (doc. # 82).  The court heard oral argument on the motion on February 13, 2008.  In its memorandum opinion entered on January 14, 2008, the court declared that coverage exists under insurance policies CPP 661544-01 and CPP 661544-02 for National Union to  recover its judgment against Progressive.  However, the court also concluded that there exists disputed issues of material facts regarding Cavins' 1999 affidavit, its effects on Colorado Casualty's decision to settle the underlying state court cases, and Colorado Casualty's knowledge and actions regarding the 1999 and 2004 affidavits.  In other words, the court concluded that although National Union met its burden of demonstrating that coverage is available under Colorado Casualty's policies, there remains disputed issues of material fact regarding whether that coverage was voided by Cavins' actions and whether Colorado Casualty waived this defense.  Consequently, the court denied the plaintiff's motion for summary judgment and granted the defendants' partial motion for summary judgment.  *See* Doc. # 81.

At oral argument, the plaintiff conceded that the 'novel' issue it wants to appeal is a 'mixed question of law and *fact*."  As detailed in its memorandum opinion

> [t]he court is simply not prepared to resolve these issues based on the meager record before it.  The lack of factual development regarding the 1999 affidavit, its effects on Colorado Casualty's decision to settle the underlying state court cases, and Colorado Casualty's knowledge and actions regarding the 1999 and 2004 affidavits compels the court to conclude that summary judgment is not appropriate based on the record before it.  "[E]ven in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255.  *See also United States v. Certain Real & Personal Prop. Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing.

*Id*. at 13.  For the reasons set forth in its memorandum opinion and this order, and for good cause, it is

ORDERED that the plaintiff's motion to vacate or certify to allow an interlocutory appeal (doc. #82) be and is hereby DENIED.

Done this 14th day of February, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE